TATE, Justice
(concurring).
The writer concurs in the result reached.
The trial court found that the police officer making the affidavit was truthful, *323 even though the information received by him from the informer was false. Under these circumstances, I think the search warrant should be upheld, as based upon the truthful affidavit of a law officer, which showed probable cause for the search.
The majority’s opinion, however, seems to imply that the truthfulness or good faith of the police officer making the affidavit is immaterial, if indeed the words of the affidavit (whether truthful or not) show probable cause. Thus, even though under our constitution there may be no probable cause for the search of a home, by perjury a police officer may secure a warrant for such search. The truthful police officer, who is unwilling to lie, cannot get a search warrant; the liar can.[1]
The guarantees of our constitution for the sanctity of the home and person from search cannot be circumvented by perjury, so as to be beyond review by the courts. I cannot believe that the often-perfunctory authorization of a search warrant, upon presentation of an affidavit showing probable cause, is to be equated with an unrenewable judicial determination such as one founded upon close examination and testing of veracity.
The suggestions of the majority opinion to the contrary are dicta. I concur, but with extreme reservation as to the wisdom of incorporating so much dicta as to matters not at issue.

. It is unnecessary to emphasize that in the present instance there is no question but that Officer Faulkner swore to what he believed to be the truth.